0
Christian Pezza
1838 E Woodgate Dr
West Covina, CA 91792
Phone 310 910 1429
cpezza@gmail.com
Plaintiff, Pro Se

FILED

2026 AUG -4  PM 1: 47

CENTRAL DIS( ( F
LOS ANGELES

BY: _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CHRISTIAN PEZZA,

Plaintiff, Pro Se,

v.

U.S. SMALL BUSINESS ADMINISTRATION; and KELLY LOEFFLER, in her official capacity as Administrator of the U.S. Small Business Administration,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.
2:26-cv-08391-FLA (SCCx)

SUPPLEMENTAL DECLARATION OF CHRISTIAN PEZZA IN SUPPORT OF PENDING EX PARTE APPLICATION FOR TEMPORARY  RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
[28 U.S.C. § 1746]

Judge:
Hon. Fernando L. Aenlle-Rocha

I, Christian Pezza, declare as follows:

1. I am the Plaintiff in this action and the borrower of record on U.S. Small Business Administration ("SBA") COVID-19 Economic Injury Disaster Loan No. 5902387800 (the "Loan"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this second supplemental declaration to place before the Court a written communication I received from the SBA on August 4, 2026, one day after my Supplemental Declaration and Exhibits H through P were filed on August 3, 2026.

2. On August 4, 2026, at 10:01 a.m., I received an email at cpezza@gmail.com from the SBA COVID EIDL Servicing Center,

-1-
SUPPLEMENTAL DECLARATION OF CHRISTIAN PEZZA ISO EX PARTE TRO APPLICATION

CovidEIDLServicing@sba.gov, copied to the SBA Office of the National Ombudsman, transmitting a letter dated August 4, 2026, from Michael Greeley, Acting Director, Disaster Lending Operations Division, Office of Capital Access, to Natalie H. Veeney, Deputy National Ombudsman, regarding my loan. A true and correct copy of the transmittal email and the attached letter is attached as Exhibit Q.

3. On its face, the August 4, 2026 letter states, among other things: (a) that a Due Process Notice was mailed on January 28, 2025 "to the mailing address on file, 4617 10th Ave, Los Angeles, CA 90043"; (b) that "On November 23, 2025, the loan was referred to the Treasury"; (c) that on June 12, 2026, a Treasury recall review determined the referral was appropriate and identified no errors or circumstances justifying reversal; (d) that Treasury Cross-Servicing will return the debt to the SBA only in four cases: bankruptcy, business closure, deceased borrower, or confirmed identity theft; and (e) that I "must contact the Treasury" to make payment and that the SBA CESC "cannot provide assistance in contacting the Treasury."

4. I received the August 4, 2026 letter after my Supplemental Declaration was filed on August 3, 2026, and I am submitting it to the Court at the first opportunity.

-2-

SUPPLEMENTAL DECLARATION OF CHRISTIAN PEZZA ISO EX PARTE TRO APPLICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2026, at West Covina, California.

_____

Christian Pezza
Plaintiff Pro Se

SUPPLEMENTAL DECLARATION OF CHRISTIAN PEZZA ISO EX PARTE TRO APPLICATION

PROOF OF SERVICE

I, Pauline Pezza, declare: I am over the age of 18 years and not a party to this action. My address is 1838 E Woodgate Dr, West Covina, CA 91792. On the date stated below, I served the foregoing document described as SUPPLEMENTAL DECLARATION NO. 2 OF CHRISTIAN PEZZA IN SUPPORT OF PENDING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, together with Exhibit Q, on the interested parties in this action as follows:

U.S. Small Business Administration
409 Third Street SW
Washington, DC 20416

Kelly Loeffler, Administrator
U.S. Small Business Administration
409 Third Street SW
Washington, DC 20416

United States Attorney's Office, Central District of California
Attn: Civil Process Clerk
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, CA 90012

BY MAIL: I placed a true copy of the document in a sealed envelope addressed to each party listed above, with first-class postage fully prepaid, and deposited each envelope with the United States Postal Service.

-4-

SUPPLEMENTAL DECLARATION OF CHRISTIAN PEZZA ISO EX PARTE TRO APPLICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2026, at West Covina, California.


_____

Pauline Pezza

SUPPLEMENTAL DECLARATION OF CHRISTIAN PEZZA ISO EX PARTE TRO APPLICATION

# EXHIBIT Q

SBA Transmittal Email and Letter of Michael Greeley, August 4, 2026

 Gmail

## SBA COVID-19 EIDL 5902387800 CSH Email ID:0100920000900

**COVIDEIDLServicing@sba.gov -Dynamics** <CovidEIDLServicing@sba.gov>       Tue, Aug 4, 2026 at 10:01 AM
To: C P <cpezza@gmail.com>
Cc: The National Ombudsman <ombud@sba.gov>

Dear Christian Pezza,

Please find attached our response to your inquiry submitted to the COVID-19 EIDL Servicing Center (CESC), by the Office of the National Ombudsman regarding your funded COVID-19 Economic Injury Disaster Loan (EIDL).

If you have any further questions, please contact the SBA COVID EIDL Customer Service Center by email at COVIDEIDLServicing@sba.gov.

Sincerely,

COVID EIDL Servicing Center (CESC)
Office of Capital Access
U.S. Small Business Administration
KC

---

 **Ombudsman for Christian Pezza.pdf**
192K



U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

Date:   August 4, 2026

To:     Natalie H. Veeney
        Deputy National Ombudsman

From:

        *MG*
        Michael Greeley
        Acting Director Disaster Lending Operations Division
        Office of Capital Access

Re: Comment from Mr. Christian Pezza

This is in response to your June 22, 2026, letter on behalf of Mr. Christian Pezza, an independent contractor, who contacted your office regarding a request for assistance from the U.S. Small Business Administration (SBA) Office of Capital Access (OCA) for economic losses sustained because of the Coronavirus (COVID-19) pandemic. Specifically, Mr. Pezza stated the SBA improperly referred his delinquent COVID-19 Economic Injury Disaster Loan (EIDL) to the U.S. Department of the Treasury (Treasury) and requested assistance recalling the loan.

We understand the difficult circumstances that Mr. Pezza has expressed and are committed to working to address his concerns.

As a result of your inquiry, I asked a member of my staff to review Mr. Pezza's file. Our records confirm a COVID-19 EIDL disbursement of $59,000 on May 30, 2020, as a loan that must be paid in full. Following the 30-month deferment period, loan installment payments of $288 became due on December 1, 2022, and are required monthly per the signed Loan Authorization and Agreement.

Mr. Pezza made eleven (11) payments of amounts ranging from $28 to $300 between May 17, 2022, through October 15, 2024. One (1) payment was returned unpaid by the financial institution. The monthly loan payment became delinquent, which resulted in collection actions, including automated calls to the phone numbers on file between January 4, 2023, and April 15, 2025, regarding delinquency.

Monthly statement notices were emailed to the address on file and were available in the MySBA Loan Portal, including delinquency notices which were accessible to Mr. Pezza. A Due Process Notice was mailed on January 28, 2025, to the mailing address on file, 4617 10th Ave, Los Angeles, CA 90043.

On November 23, 2025, the loan was referred to the Treasury. The monthly loan payment remained significantly overdue and subject to collection efforts, including referral to the Treasury Department.

On June 12, 2026, a Treasury recall review was completed of the account and determined that the referral of the loan to the Treasury was appropriate. Our review did not identify any errors or circumstances that would justify reversing the referral.

Christian Pezza
Page 2

The Debt Collection Improvement Act of 1996, or the DCIA (Public Law 104-134) tasked U.S. Department of Treasury with some governmentwide debt collection responsibilities. The law provides that delinquent non-tax debts must be turned over to the Treasury for appropriate action to collect the debt. Federal agencies must refer any eligible debts that are one hundred and eighty (180) days delinquent to U.S. Department of Treasury Bureau of the Fiscal Service (BFS) for cross-servicing. The Digital Accountability and Transparency Act (DATA Act) amended the DCIA to require agencies to notify Fiscal Service of all debts delinquent one hundred and twenty (120) days or more for purposes of administrative offset.

Prior to submitting a debt to Fiscal Service for the purpose of offset, the creditor agency must provide the debtor with appropriate due process. Notice must be given at least sixty days prior to submission of the debt. This notice is to provide the debtor with notification of the agency's intent to use certain debt collection tools, as well as any rights the debtor may exercise to avoid the use of the debt collection tools. Actual notice is not required, as long as the agency sends the notice to the debtor's last known address.

Once SBA refers a delinquent debt to cross-servicing, Fiscal Service will add interest and substantial collection fees (26% or more), the unpaid debt as provided by law. Fiscal Service is required to recover the cost of its delinquent debt collection program by charging fees to the creditor agencies. Agencies are required to charge such administrative costs, in addition to interest and penalties, to the debtor pursuant to 31 U.S.C. §3717, unless another statute expressly prohibits charging the debtor.

Treasury Cross-Servicing will return the debt to SBA (through the Return to Agency process) only in the following cases:

- Bankruptcy
- Business Closure - Entity must be dissolved with the Secretary of State
- Deceased Borrower
- Confirmed Identity Theft

Mr. Pezza must contact the Treasury at 1-800-289-7388 to make payment or request other debt management solutions. The SBA CESC cannot provide assistance in contacting the Treasury. In addition, please note all prior loan payments sent to the CESC will be sent to Treasury for recording and credited to the total amount due.

We recognize this has been a challenging time for Mr. Pezza's business and appreciate your continued support. If Mr. Pezza has any further questions specific to this COVID-19 EIDL, please  have him contact the Treasury.